# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROYCE E. BROWN SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-cv-212-WDS** |
| | ) | |
| **B. A. BLEDSOE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a federal inmate at the United States Penitentiary located in Terre Haute, Indiana (USP-Terre Haute), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

<u>**THE COMPLAINT**</u>

Plaintiff alleges that on two consecutive days he was beaten by prison guards while he was restrained. During the second attack, Plaintiff further alleges that unknown guards also urinated on him. Finally, Plaintiff contends that he suffered physical injuries (a cut on his ankle and nerve damage to his right arm) as a result of the attacks and the restraints and that he was not provided adequate medical treatment for these injuries..

<u>**DISCUSSION**</u>

Plaintiff's claim that Defendants Sample, Millerra, Berry, Mays, Boaz, and Brimer used excessive force on him in violation of the Eighth Amendment survive review under § 1915A and should not be dismissed at this time.[1]

Plaintiff's claims against Defendants Lapein and Nalley, however, should be dismissed pursuant to 28 U.S.C. § 1915A. With respect to these defendants, Plaintiff alleges only that "[t]hese are the men whom [sic] over see [sic]the Wardens at USP-Marion." Consequently, Plaintiff appears to be attempting to hold Defendants Lapein and Nalley vicariously liable for the actions of their subordinates. The doctrine of respondeat superior does not apply to *Bivens* actions. *See Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994). Because Plaintiff does not allege that Defendants Lapein or Nalley were personally and directly involved with the alleged violation of his rights, the

---

[1]The Court notes that Plaintiff failed to name Mays, Boaz, and Brimer as Defendants in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure.

claims against them should be dismissed.

Plaintiff's claims against Defendants Gomez, Regus, Lockridge, and Shoft should also be dismissed. Plaintiff alleges that Defendant Shoft investigated the alleged attack six months after the attack occurred. Plaintiff asserts that Defendants Gomez, Regus, and Lockridge did not investigate his complaint or approve his request to take urine samples from Plaintiff's cell to determine which guard urinated on him. The alleged failure of these Defendants to investigate the reported attacks and their failure to respond to Plaintiff's grievances doe not rise to the level of a constitutional violation. *See Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (Director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Therefore, Plaintiff's claims against these defendants should be dismissed.

In the complaint, Plaintiff alleges that Defendant Huges forced other staff to provide Plaintiff with medical care for the cut on his ankle. Plaintiff further alleges that Defendant Edge gave him a urinal when Plaintiff requested it. Based on these allegations, the Court is unable to conclude that these Defendants were deliberately indifferent to Plaintiff's health or safety. Therefore, Plaintiff's claims against Defendant Huges and Edge should be dismissed.

Finally, the complaint fails to allege any facts whatsoever concerning Defendants Bledsoe, Davis, Rua, Kruger, Lyle, or the Unknown Party. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Plaintiff's claims against these Defendants should be dismissed.

**MOTION TO AMEND COMPLAINT**

Plaintiff has filed a motion to amend his complaint (Doc. 12). No proposed amended complaint accompanied this motion. Furthermore, Plaintiff may amend his complaint once without leave of court before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). In this case, Defendants have not even been served with any pleadings, much less filed a response to them. Therefore, Plaintiff does not - at this moment - need permission from the Court to file an amended complaint. Therefore, Plaintiff's motion to amend his complaint (Doc. 12) will be **DENIED** without prejudice.

MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also filed a motion for appointment of counsel (Doc. 13). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion to appoint counsel (Doc. 13) will be **DENIED**, without prejudice.

DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Bledsoe, Davis, Lapein, Nalley, Rua, Kruger, Gomez, Regus, Shoft, Lockridge, Huges, Edge, Lyle, and Unknown Party are **DISMISSED** pursuant to 28 U.S.C. § 1915A. This dismissal counts as one of Plaintiff's three "strikes" for purposes of 28 U.S.C. § 1915(g).

4

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (Doc. 12) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 13) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a writ of habeas corpus ad testificandum (Doc. 16) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service by the U.S.Marshal (Doc. 14) is **DENIED**. Service of process will be made as directed by the Court in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk add C/O Mays, C/O Boaz, and C/O Brimer as Defendants in this action.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants Mays, Boaz, and Brimer within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **3** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants Sample, Millerra, Berry, Mays, Boaz, and Brimer. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants Sample, Millerra, Berry, Mays, Boaz, and Brimer in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting

service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: March 30, 2009.**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**