# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROYCE E. BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-212-DRH |
| | ) |
| **B.A. BLEDSOE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 22). After conducting a threshold review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff's claims against Defendants Bledsoe, Davis, Lapein, Nalley, Rua, Kruger, Gomez, Regus, Shoft, Lockridge, Huges, Edge, Lyle, and Unknown Party should be dismissed.[1] In the instant motion, Plaintiff requests that this Court reconsider the dismissal of his claims against these Defendants. Additionally, Plaintiff requests that this Court reconsider the order denying his motion to appoint counsel.

In the instant motion, Plaintiff contends that the Illinois Department of Corrections has a policy requiring that "the BOP administrator and unnamed agents" be informed when force and "four-point" restraints are used.[2] Plaintiff alleges that he was held in restraints for several days and,

---

[1] The Court determined that Plaintiff's claims against Defendants Sample, Millerra, Berry, Mays, Boaz, and Rimer survived review under § 1915A and should not be dismissed at this time.

[2] In his original complaint, Plaintiff contends that he was placed in a "four-point" restraint.

therefore, he contends that - under the policy - the "BOP administrator and unnamed agents" would have been aware of the facts surrounding his confinement for several days. Plaintiff contends that his claims against "the BOP administrator and unnamed agents" s is based on their failure to intervene to stop the alleged abuse.

The Court notes, though, that Plaintiff makes the assertions concerning DOC policy for the first time in the instant motion - not in his original complaint. In short, Plaintiff is pleading new facts in the instant motion that were not set forth in his original complaint. Because Plaintiff bases his claims against the "BOP administrator and unnamed agent" on new assertions not set forth in the original complaint, Plaintiff's motion to reconsider is **DENIED**. If Plaintiff wishes to amend his original complaint, he must comply with Rule 15 of the Federal Rules of Civil Procedure.

Furthermore, this Court denied Plaintiff's motion for appointment of counsel because Plaintiff 's motion did not indicate that he had failed to obtain counsel (after making a reasonable attempt) or that he had effectively been precluded from obtaining counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). Plaintiff's motion for appointment of counsel was denied without prejudice and Plaintiff is not prevented from filing a new motion - a motion indicating that he made a reasonable attempt to obtain counsel or that he had effectively been precluded from doing so. Therefore, Plaintiff's motion to reconsider is **DENIED**.

**IT IS SO ORDERED**.

**DATED:** May 11, 2009.

/s/ DavidRHerndon
**DISTRICT JUDGE**