IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROYCE E.  BROWN, SR.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **07-212-DRH** |
| | ) | |
| **B.A. BLEDSOE, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief United States

District Judge David R. Herndon pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c).

Plaintiff Royce E. Brown, Sr., is in the custody of the U.S. Bureau of Prisons, housed at

all relevant times at the U.S. Penitentiary in Marion, Illinois ("USP-Marion").  Plaintiff brings

this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named*

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  More specifically, plaintiff alleges

that between June 23-25, 2005, defendants Sample, Millerra, Berry, Mays, Boaz, and Brimer

used excessive force against him, in violation of the Eighth Amendment, during the process of

placing plaintiff in "four-point restraints" on a bed, and then subsequently using excessive force

against him during the two days he was tied up.  (Docs. 1 and 18).

---

[1]*Bivens* is the "federal analog" to lawsuits brought against state officials under 42 U.S.C.
§ 1983.  *Hartman v. Moore,* 547 U.S. 250, 254 n. 2 (2006).

Defendants Sample, Boaz and Barry[2] are before the Court seeking: (1) dismissal of the complaint based on plaintiff's failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a); and (2) seeking dismissal of the excessive force claim as it relates to defendant Boaz, because it would imply the invalidity of a disciplinary sanction that stands uncontested.  (Doc. 41).

In response, plaintiff Brown contends that his claims do not remotely challenge his disciplinary conviction, and he attempted in good faith to exhaust administrative remedies, but prison officials utilized technicalities to thwart his effort to raise "sensitive" issues.  (Doc. 43). In reply, the defendants note that documentation attached to the complaint (Doc. 1-2, pp. 5-7) evinces plaintiff's concession that he failed to exhaust administrative remedies at least as of August  2006, which resulted in the dismissal of *Brown v. Bureau of Prisons*, No. 06-518-JPG (S.D. Ill. filed June 28, 2006).  (Doc. 44).

Each issue will be addressed in turn.

## 1.  Exhaustion of Administrative Remedies

### A.  The Relevant Legal Principles

Plaintiff's claims are subject to the exhaustion requirement set forth in 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[2]The complaint names "Lieutenant Berry."  (Doc. 1, p. 2).  The defendant's name is correctly spelled "Barry;" therefore, the Court will utilize the correct spelling.  It should also be noted that Defendant Barry was granted leave to join in the subject motion, which was originally filed by only defendants Sample and Boaz.  (Doc. 62).

*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7ᵗʰ Cir.1999), clarified that exhaustion of administrative remedies under § 1997e(a)– while not jurisdictional *per se*– is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. The exhaustion requirement applies to all claims "about prison life." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Significantly, exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case.  *See* 42 U.S.C. § 1997e(a); *Perez,* 182 F.3d at 535-536.  In other words, an inmate cannot file suit and then exhaust his administrative remedies while suit is pending.  *Ford v. Johnson,* 362 F.3d 395, 398 (7ᵗʰ Cir. 2004).  The Supreme Court has held that exhaustion means "proper exhaustion," that is, the inmate must file a timely grievance using the procedures put in place by the prison system, properly taking each step in the process.  *Woodford v. Ngo,* 548 U.S. 81 (2006); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7ᵗʰ Cir. 2002).  And the law of the Seventh Circuit emphasizes that the purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims administratively/internally, prior to federal litigation.  Only when that is done has the prisoner properly exhausted all available remedies.  *See, e.g., Kaba v. Stepp,* 458 F.3d 678, 684 (7ᵗʰ Cir. 2006); *Dole v. Chandler,* 438 F.3d 804, 809 (7ᵗʰ Cir. 2006); *see also Porter v. Nussle,* 534 U.S. 516, 524-525(2002).

The Bureau of Prisons has a detailed administrative remedy procedure through which inmates may lodge complaints relating to any aspect of their confinement.  This multi-step process is set forth in the Code of Federal Regulations at 28 C.F.R. § 542.10- § 542.18.  *See*

*Kaba,* 458 F.3d at 681 (7ᵗʰ Cir. 2006) (each step of the process has a "prescribed deadline and a particular grievance form" which must be used).

First, the inmate must attempt to informally resolve his complaint by presenting the issue to staff, "and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."  28 C.F.R. § 542.13.   A "BP-8" form is used for this step. Second, if informal efforts fail, the inmate may file a formal complaint with the Warden (on form "BP-9") within 20 days of the date on which the complained-of activity occurred.  Additional time is allowed for this step, if the inmate demonstrates a valid reason for delay.  28 C.F.R. **§** 542.14.  The Warden has 20 days to respond to the inmate's complaint.  *Id.*

If the inmate is dissatisfied with the Warden's response, he can appeal to the Regional Director/Regional Office using a "BP-10" form, submitted "within 20 calendar days of the date the Warden signed the response."  28 C.F.R. § 542.15.  The Regional Director then has 30 days to respond.

If the inmate is not satisfied with the Regional Director's response, "within 30 calendar days of the date the Regional Director signed the response," the inmate can file a final appeal with the General Counsel, using a "BP-11" form,  mailed to the National Inmate Appeals Administrator, Office of General Counsel.  28 C.F.R. § 542.15 and § 542.18.  The inmate's receipt of the General Counsel's response to his BP-11 completes the administrative process.

Failure to exhaust administrative remedies is an affirmative defense; the defendant correctional officials have the burden of proving that the inmate had available remedies that he did not utilize.  *See, e.g., Dole v. Chandler,* 438 F.3d 804, 809 (7ᵗʰ Cir. 2006); *Dale v. Lappin,* 376 F.3d 652, 655 (7ᵗʰ Cir. 2004).  A remedy is "available" if the administrative procedure can

4

lead to some relief, even if it is not the precise relief the inmate wants.  *See Booth v. Churner,*
532 U.S. 731, 741 and f n. 6 (2001); *Larkin v. Galloway,* 266 F.3d 718, 723 (7th Cir. 2001).
"Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy
becomes 'unavailable' if prison employees do not respond to a properly filed grievance or
otherwise use *affirmative misconduct* to prevent a prisoner from exhausting."  *Dole v. Chandler,*
438 F.3d 804, 809 (7th Cir. 2006) (emphasis added) (citing *Lewis v. Washington,* 300 F.3d 829,
833 (7th Cir. 2002); and *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004).

In  *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008), the Seventh Circuit delineated a three-
step process for cases in which exhaustion is contested.

> (1) The district judge conducts a hearing on exhaustion and permits whatever
> discovery relating to exhaustion he deems appropriate. (2) If the judge determines
> that the prisoner did not exhaust his administrative remedies, the judge will then
> determine whether (a) the plaintiff has failed to exhaust his administrative
> remedies, and so he must go back and exhaust; (b) or, although he has no
> unexhausted administrative remedies, the failure to exhaust was innocent (as
> where prison officials prevent a prisoner from exhausting his remedies), and so he
> must be given another chance to exhaust (provided that there exist remedies that
> he will be permitted by the prison authorities to exhaust, so that he's not just being
> given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which
> event the case is over. (3) If and when the judge determines that the prisoner has
> properly exhausted his administrative remedies, the case will proceed to pretrial
> discovery, and if necessary a trial, on the merits; and if there is a jury trial, the
> jury will make all necessary findings of fact without being bound by (or even
> informed of) any of the findings made by the district judge in determining that the
> prisoner had exhausted his administrative remedies.

*Id.* at 742.

**B.  The Evidence Proffered, and**

5

**Proposed Findings of Fact and Conclusions of Law**

An evidentiary hearing was not conducted because there are no material questions of fact to be resolved and a decision can be made as a matter of law, viewing the evidence in the light most favorable to plaintiff.

In his complaint, plaintiff asserts that he did exhaust administrative remedies by filing "a combination BP-8/9 titled 'SENSITIVE ISSUES,' with the warden['s office[,] the Regional Office and the Central Office.'" (Doc. 1, p. 3).  According to plaintiff, the process was "continually circumvented at every level[;] the facts of the complaint were ignored."  *Id.* Plaintiff has submitted a myriad of documentation and allegations demonstrating multiple attempts and fits and starts to exhaust administrative remedies.  For reasons explained below, the evidence will be presented and analyzed in segments.

**1.  Remedies Prior to August 1, 2006**

As a preliminary matter, this Court notes that documentation attached to the complaint and filed in  *Brown v. Bureau of Prisons*, No. 06-518-JPG (S.D. Ill. filed June 28, 2006), acts as an admission[3] of plaintiff's failure to exhaust administrative remedies prior to August 1, 2006. *Brown v. Bureau of Prisons*, No. 06-518-JPG (S.D. Ill. filed June 28, 2006), raises the exact same claims against defendants Sample, Millerra, Berry, Mays, Boaz, and Brimer as are asserted

---

[3]The doctrine of *res judicata* is technically inapplicable because, although the allegations against the defendants are identical, the named defendants in each action differ.  The doctrine prohibits parties from re-litigating claims previously adjudicated. For *res judicata* to apply in federal court, three requirements must be met: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Golden v. Barenborg,* 53 F.3d 866, 869 (7th Cir.1995); *Matter of Energy Co-op., Inc.,* 814 F.2d 1226, 1230 (7th Cir. 1987), *cert. denied, Energy Co-op., Inc. v. Phillips Petroleum Co.,* 484 U.S. 928 (1987) (citations omitted).

in the present action.  *Compare Brown*, No. 06-518-JPG, Doc. 1, pp. 5-6; and *Brown,* 07-212-

DRH, Doc. 1, pp. 5-6.  On July 27, 2006, based on plaintiff's admission that he failed to exhaust

administrative remedies, U.S. District Judge J. Phil Gilbert dismissed *Brown*, No. 06-518-JPG.

*See Brown*, No. 06-518-JPG, Docs. 5 and 9.  Even without going beyond the four corners of the

case at bar, plaintiff attached documentation from the dismissed case stating: "It is only the Civil

Rights Complaint that I wish to have dismissed without perjudice [sic] / severed (From Case No.

06-518-JPG), so that I maybe [sic] inplaince [sic] with the requirements of <u>Booth v. Churner</u>,

532 U.S. 731 (2001)."  (Doc. 1-2, p. 7).  The Court should not permit plaintiff to successfully

request one case be dismissed without prejudice due to his failure to exhaust administrative

remedies, only to have him file a second case wherein he claims that he did exhaust

administrative remedies.   Moreover, plaintiff's affidavit/response to the subject motion

acknowledges that his attempts prior to August 1, 2006, were procedurally unsuccessful.  (*See*

Doc. 43, pp. 2-3).  From this Court's perspective, the proper inquiry is whether plaintiff

exhausted administrative remedies after the dismissal of his first case– meaning after August 1,

2006.

   In the event the District Court disagrees, the Court offers the following analysis regarding

plaintiff's efforts to exhaust administrative remedies prior to August 1, 2006.

   On July 21, 2005, plaintiff filed a nine page request for administrative remedy with the

warden's office and the regional office, regarding "Sensitive Issues."  (See Doc. 43, pp. 2, 6-7).

According to plaintiff, both entities rejected the grievance due to page restrictions.  (Doc. 43, p.

2; *see* 28 C.F.R. § 542.14 regarding the form and two page limit).

   Plaintiff now cites an exception to the institutional filing procedures:

If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

28 C.F.R. § 542.14(d).  A complete copy of the document has not been submitted to the Court.

However, in *Brown v. Bureau of Prisons*, No. 06-518-JPG (S.D. Ill. filed June 28, 2006),

plaintiff stated: "Both the Warden's and the Regional director's Offices rejected my initial

remedy attempts, stating in short that my issue was not of "A SENSITIVE NATURE" and that I

must go back through the initial filing stage."  *Brown*, No. 06-518-JPG, Doc. 5, p. 1.  Again, the

Court should not permit plaintiff to premise the dismissal of one case on a statement and then

make a contrary assertion in a second case.

On August 10, 2005, plaintiff initiated another administrative grievance regarding the

alleged assault.  By plaintiff's account, he did not receive a response from his counselor– at least

not a timely response.  (Doc. 43, p. 2).  However, according to the prison records, that grievance

was immediately rejected within the institution on August 10 and 18, 2005, and was

subsequently rejected at the regional level on September 12, 2005, and by the Central Office on

October 31, 2005, because it had not been initiated properly.  (Doc. 41-2, pp. 1-2).  In any event,

even if the counselor did not timely respond, in accordance with 28 C.F.R. § 40.7(e), that

tardiness is to be deemed a denial and the grievance may be submitted to the warden.  Plaintiff

obviously did not await a counselor's reply, as he pursued that grievance through the full

8

administrative process– being denied on procedural grounds at every level.

Plaintiff attempted to grieve the lack of action on his grievance, but he did <u>not</u> include any details regarding the alleged assault.  (*See* Doc. 45-2,  pp. 2 (Oct. 5, 2005, BP-8 referencing a combination BP-8/9 submitted Aug. 20, 2005, regarding "Sensitive Issue" which had not been answered by plaintiff's counselor); and Doc. 45-2, p. 1 (Oct. 19, 2005, response indicating plaintiff's request for remedy had been previously rejected because it had not been submitted through proper channels and it was longer than allowed); *see also* Doc. 41-2, pp. 1-2 (BOP tracking documentation).

Plaintiff attached supporting documentation to the complaint regarding another attempt to exhaust administrative remedies (Doc. 1-1, pp. 13-19; Doc. 1-2, pp. 9-14), including:  (1) a BP-8 form dated February 11, 2006, seeking an informal remedy regarding the alleged June 2005 assault (Doc. 1-1, p 14); and (2) a BP-9 form requesting administrative remedy, dated February 11, 2006, and marked as "Part II of II" (Doc. 1-1, p. 15)– submitted in tandem with the aforementioned BP-8.  No mention of "sensitive issues" is made.  Plaintiff explains on the combination BP-8/9 that the two forms are submitted together "in the interest of saving time for the request and the issues will remain the same."  (Doc. 1-1, p. 15). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."   *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Clearly, a combined BP-8/9 is not what is prescribed by 28 C.F.R. §§ 542.13 and 542.14.

On June 27, 2006, plaintiff wrote a letter seeking informal resolution, indicating he had been waiting months for resolution of his combination BP-8/9, and that if he did not receive a response by July 3, 2006, he would proceed to the next level of review by submitting a BP-10.

(Doc. 1-1, p. 13).  In accordance with 28 C.F.R. § 40.7(e), that tardiness is to be deemed a denial and the grievance may be submitted to the next level in the process, which plaintiff did.

On July 5, 2006, plaintiff submitted a BP-10 form seeking a regional appeal, which did not address the June 2005 assault.  (Doc. 1-1, p. 16).  Rather, plaintiff explained that previous efforts to have the prison administration address his claims have been "circumvented in favor of an administrative technicalitiy [sic]."  *Id.*  Plaintiff further explains, in the BP-10 that his last effort, dated February 11, 2006, received no response whatsoever.  *Id.*  Plaintiff asks that his claim be reviewed by the Regional Office within 20 days.  *Id.*  It must be noted that the February 11, 2006, combination BP-8/9 was not made a part of the BP-10.  On July 13, 2006, the Regional Office rejected plaintiff's regional appeal, explaining that a BP-9 must be filed and pursued through the warden's office before a regional appeal is filed.  (Doc. 1-1, p. 17).

For the aforestated reasons, this Court recommends finding that, prior to August 1, 2006, plaintiff did not exhaust administrative remedies, or otherwise qualify for an exception from the usual institutional grievance process.

## 2.  Remedies After August 1, 2006

On August 2, 2006, plaintiff filed an appeal with the Central Office referencing "the brutal issues" outlined in his claim, which was "circumvented in favor of [an] administrative technicality."  (Doc. 1-1, p. 18).  Plaintiff again explained that he did not receive a response to his BP-8/9, and his BP-10 had been rejected because he had not filed and pursued a BP-9.  *Id.*  Again, it must be noted that plaintiff did not attach any documentation detailing his claims regarding the June 2005 assault.  On August 11, 2006, the Central Office rejected plaintiff's appeal, concurring with the Regional Office's stated rationale that plaintiff should have filed a

grievance at the institutional level.  (Doc. 1-1, p. 19).  Therefore, plaintiff's efforts between June

27 and August 11, 2006, do not constitute exhaustion of administrative remedies relative to the

June 2005 assault.

By letter dated January 11, 2007, plaintiff wrote to Rick Schott, Regional Counsel, but

his letter only pertained to loss of property, which may have precipitated some aspect of the

alleged assaults, but which is not at issue in this action.  (Doc. 1-2, pp. 9-12).  No other evidence

of attempts to exhaust administrative remedies is before the Court.  The complaint was filed

March 23, 2007.  (Doc. 1).

Therefore, this Court finds that plaintiff failed to exhaust administrative remedies at any

time prior to filing this action.  Accordingly, this action should be dismissed as to all remaining

defendants and all remaining claims due to plaintiff's failure to exhaust administrative remedies.

## 2.  Defendant Boaz

Citing *Edwards v. Balisok*, 520 U.S. 641 (1997), defendant Boaz argues that the

excessive force claim lodged against him should be dismissed because it would imply the

invalidity of a disciplinary sanction that stands uncontested.   *Edwards v. Balisok*, extended the

Court's holding in *Heck v. Humphrey*, 512 U.S. 641 (1994), and stands for the proposition that

claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics,* 403 U.S. 388 (1972), that necessarily imply the invalidity of a prison disciplinary

sanction, including the loss of good time credit that would reduce the length of sentence, cannot

be brought until the prison disciplinary decision has been invalidated.

A review of the record reveals that defendant Boaz issued a disciplinary ticket to

plaintiff, alleging plaintiff assaulted Boaz on June 23, 2005, while the plaintiff was being

restrained– the same incident that underlies the claims in this action.  (Doc. 41-3, pp. 1-4).

Following a hearing, plaintiff was found to have committed the disciplinary infraction as

charged, and he was placed in segregation and lost 27 days of good conduct credit.  (Doc. 41-3,

pp. 1-4).  Defendant Boaz asserts, and plaintiff does not dispute, that the disciplinary conviction

has never been overturned.  Rather, plaintiff argues that he is not challenging his disciplinary

conviction.  (Doc. 43, p. 3).  However plaintiff simultaneously reiterates his desire to "prove he

was unjustly assaulted."  (Doc. 43, p. 3).

Plaintiff claims that defendant Boaz used excessive force against plaintiff during the

restraining process.  Plaintiff was disciplined for assaulting Boaz.  Those two events are not

mutually exclusive– both could be true.  *See Van Gilder v. Baker*, 435 F.3d 689, 692 (7th Cir.

2006) (a person resisting law enforcement does not invite any reaction or retribution, or forfeit

the right to sue for damages).  Therefore, this Court recommends that defendant Boaz's motion

be denied insofar as he seeks to dismiss the claim against him based on *Edwards v. Balisok*.

**Recommendation**

For the aforestated reasons, it is the recommendation of this Court that defendants

Sample, Boaz and Barry's motion to dismiss the claims against them (Doc. 41) be granted in part

and denied in part.  More specifically, it is recommended that all claims against all defendants

(Lt. Sample, Lt. Millerra, Lt. Barry, C/O Mays, C/O Boaz and C/O Brimer[4]) be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies before filing suit, as required by  42 U.S.C. § 1997e(a).  In the alternative, if the District Court concludes the exhaustion requirement has been satisfied, this Court recommends defendant Boaz's motion to dismiss the excessive force claim against him be denied, as that claim does not necessarily imply the invalidity of plaintiff's disciplinary conviction for assault.

**DATED: December 28, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**


**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b), Local Rule 73.1(b), and Federal Rule of Civil Procedure 6, the parties shall file any objections to this report and recommendation on or before **January 15, 2010**.

---

[4]All defendants in the case at this juncture are named in the sole remaining claim regarding the use of excessive force.  (*See* Doc. 18, p. 2).

13