IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROYCE E. BROWN, SR.,

    Plaintiff,

v.

B.A. BLEDSOE, et al.,

    Defendants.                                    Case No. 07-cv-212-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Plaintiff's Objections (Doc. 67) to the Report & Recommendations ("R&R") (Doc. 65). Defendants have filed their Response (Doc. 71) to Plaintiff's Objections. The R&R concluded, based on the Magistrate Judge's review of the record and the applicable law, that Plaintiff failed to exhaust his administrative remedies and thereby recommended that the Defendants' Motion to Dismiss (Doc. 41) be granted.

Because timely objections have been filed, this Court must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** *Govas*

***v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id*. However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**. Instead, the Court can simply adopt these findings.

## II. Background

Plaintiff has filed suit against defendants Sample, Millerra, Berry, Mays, Boaz and Brimer, pursuant to ***Bivens v. Six Unknonw Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971)**,[1] alleging deprivations of his constitutional rights, specifically that these Defendants used excessive force against him, in violation of the Eighth Amendment. Plaintiff, is an inmate in the custody of the U.S. Bureau of Prisons. At the time of the events at issue in his suit, he was housed at the U.S. Penitentiary in Marion, Illinois ("Marion"). Specifically, Plaintiff complains that he was twice beaten by Defendants while he was restrained (or, as he calls it "hog tied") for several days (*see* Doc. 18, p. 2). Plaintiff further claims physical injuries suffered therefrom: a cut on his ankle and nerve damage to his right arm (*Id.*).

---

[1] ***Bivens*** provides for lawsuits by inmates against federal officials as **42 U.S.C. § 1983** allows for lawsuits by inmates against state officials for constitutional deprivations.

Defendants Sample and Boaz filed a Motion to Dismiss (Doc. 41), asserting that Plaintiff's claims must be dismissed for failure to exhaust his administrative remedies at Marion and because his claim against defendant Boaz is barred by the case of **Edwards v. Balisok, 520 U.S. 641 (1997)**. Plaintiff responded in opposition to the motion (Doc. 43), to which Defendants replied and later filed a supplement thereto (Docs. 44 & 45). Considering the Parties' arguments, the R&R found that the Motion should be granted in part and denied in part.[2] Specifically, the R&R recommended all claims against *all* Defendants be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies. In the alternative, the R&R recommended that if the Court finds Plaintiff properly exhausted his administrative remedies, then defendant Boaz's motion to dismiss the excessive force claim against him be denied, as the claim does not necessarily imply the invalidity of Plaintiff's disciplinary conviction for assault (Doc. 65, pp. 12-13).

### III. Discussion

Plaintiff first objects to the R&R because it stated that Plaintiff was restrained by Defendants for two days. Plaintiff seeks to clarify that he has alleged he was "hog tied" in four point restraints for *seven* consecutive days (Doc. 67, p. 1). The Court notes Plaintiff's objection to this factual inconsistency, however, this fact is not relevant in determining whether Plaintiff has properly exhausted his administrative remedies prior to filing this suit. Next, it appears Plaintiff objects to

---

[2] The R&R found a *Pavey* hearing unnecessary as there were no material facts in dispute.

his claims being limited to defendants Sample, Millerra, Berry, Mays, Boaz and Brimer. Continuing, Plaintiff argues that "[t]here are medical staff and other administrators whom as just as culpable . . ." (*Id.*). Plaintiff's objection is not well-taken, as any claims he had against "medical staff and other administrators" were either dismissed by the Court's March 30, 2009 Order (Doc. 18), referring Plaintiff's suit to the Magistrate Judge or else Plaintiff failed to name these specific persons as defendants (it is difficult to tell, as Plaintiff does not identify which "medical staff and other administrators" he believes should be named defendants in this suit). Therefore, if Plaintiff objects to the dismissal of certain Defendants in the Court's March 30, 2009 Order, such an issue is more appropriately addressed on appeal, as the R&R did not reach these issues. The remainder of Plaintiff's objections opposes the R&R's findings regarding the issue of administrative exhaustion, as well as its findings regarding his claim against defendant Boaz.

**A.     Administrative Exhaustion**

Plaintiff's status as an inmate subjects his claims to the provisions of the Prisoner Litigation Reform Act ("PLRA"). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted.*" **42 U.S.C. § 1997e(a) (emphasis added)**. This exhaustion requirement is applicable to both state and federal inmates. ***See Porter v. Nussle*, 534 U.S.**

516, 524 (2002). The burden of proof on the issue of exhaustion lies with Defendants. ***Westefer v. Snyder,* 422 F.3d 570, 577 (7th Cir 2005)**. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. ***Doe v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (noting "[t]his circuit has taken a strict compliance approach to exhaustion.")**. In addition, exhaustion must occur before the suit is filed. ***Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004)**. "Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending." ***Id.*** Finally, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." ***Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2005)**.

Plaintiff is an inmate in BOP custody. The BOP's administrative remedy procedure is set forth in the Code of Federal Regulations at **28 C.F.R. §§ 542-10 - 542.18.** The details of the procedure are set forth in the R&R (Doc. 65, pp. 3-5). First, Plaintiff objects to the R&R's finding that any of his attempts to exhaust his administrative remedies prior to August 1, 2006 are barred due to his admission in his previous suit, ***Brown v. Bureau of Prisons*, No. 06-cv-518-JPG (S.D. Ill. 2006)**. In this earlier suit, Plaintiff raised the exact same claims as he does in the instant suit against defendants Sample, Millerra, Berry, Mays, Boaz and Brimer. Judge Gilbert dismissed Plaintiff's earlier case on July 27, 2006, based on Plaintiff's admission that he failed to exhaust his administrative remedies (*see **Brown v. Bureau of Prisons*, No. 06-cv-518-JPG**, Docs. 5 and 9). Specifically, Plaintiff

sought to dismiss his suit without prejudice, based upon his realization that he had mistakenly filed suit before completely exhausting his administrative remedies (Case No. 06-cv-518-JPG, Doc. 5). Thus, Judge Gilbert dismissed his claims without prejudice (Case No. 06-cv-518-JPG, Doc. 9). Plaintiff cannot now object that he did, in fact, exhaust his administrative remedies prior to that time period regarding the same claims as the ones now brought in the instant suit. Therefore, the R&R's finding that Plaintiff failed to exhaust his administrative remedies prior to August 1, 2006 is well-taken and as such, Plaintiff's objection thereto is overruled. As a caveat, the Court finds that Plaintiff's omissions should apply to all grievances filed prior to *July* 1, 2006 (which is when Plaintiff's Motion to Correct Error/Dismiss Claims was filed in the prior suit, Case No. 06-cv-518-JPG).

Assuming, however, that Plaintiff never made such an admission or that the admission was not applicable to this case, or assuming as Plaintiff now argues, that he *did* actually exhaust his administrative remedies and was mistaken in dismissing his prior suit, the Court finds Plaintiff's grievances still fall short of demonstrating proper exhaustion. Despite Plaintiff's objections otherwise, his grievances filed prior to this time were procedurally defunct. His initial grievance, dated July 21, 2005, which he claims was filed via the "Sensitive Issues" provision in **28 C.F.R. § 542.14**, was denied for exceeding the allowed page limitation (Plaintiff's was nine pages in length). Plaintiff claims he sent this grievance to both the Regional Office and the Warden's Office at Marion (Doc. 43, p. 2), and both were rejected. Plaintiff argues that under the "sensitive issues" exception can start the

process at the Regional Office (Doc. 67, p. 3). However, this exception, found in **28 C.F.R. § 542.14(d)**, does not change the page limit for a grievance, which must not exceed the form itself and one letter-sized continuance page, as set forth by **28 C.F.R. § 542.14(c)(3)**. Therefore, even if Plaintiff submitted his initial grievance through the proper channels allowed for a "sensitive issues" grievance, his failure to comply with the requisite length thwarts his efforts now to argue that he properly exhausted his administrative remedies concerning this July 21, 2005 grievance. Plaintiff does not offer evidence showing that after this grievance was rejected he attempted to follow proper form and successfully resubmitted it through the proper channels to exhaust his remedies.

Continuing, Plaintiff fails to specify, in his Objections to the R&R, *which* grievances filed subsequent to the dismissal of his prior suit were properly exhausted. Perhaps, to construe his objections as favorably as possible, he contends that he properly exhausted his administrative remedies for the remainder of his grievances. Yet, it seems as though Plaintiff asserts that he could not get any administrative relief by exhausting his remedies because the different authorities continued to reject his numerous good faith attempts to submit his grievance regarding the alleged assault by Defendants. The Court agrees with the R&R's observation that in all of Plaintiff's subsequently submitted grievances, he either did not include any details of the alleged assault (but merely used the term "Sensitive Issue(s)") or else the grievances did not even mention sensitive issues, but rather,

complained only of property loss or problems with the administrative procedure itself. While the Court does not doubt Plaintiff has taken extraordinary measures in his good faith attempts to exhaust his administrative remedies prior to filing suit, nevertheless, the evidence on record indicates Plaintiff's grievances were rejected for valid reasons. Further, Plaintiff has failed to show that he corrected his grievances as instructed and then properly exhausted the process. Also, he has not argued that the authorities wrongfully prevented him from exhausting his administrative remedies. Instead, the evidence indicates that it was Plaintiff's own failure to follow the directions that prevented exhaustion of his remedies and thus, bars his claims in the instant suit at this time.

**B.     Defendant Boaz**

If the Court found that Plaintiff had, in fact, exhausted his administrative remedies, then the R&R recommended that in the alternative, defendant Boaz's motion to dismiss the excessive force claim against him be denied (Doc. 65, pp. 12-13). Defendant Boaz has not made an objection to the R&R's alternative recommendation and Plaintiff's portion of his objections regarding Boaz (Doc. 67, pp. 5-6) does nothing to further any cognizable legal argument. Regardless, because the Court finds that Plaintiff has yet to properly exhaust his administrative remedies, the R&R's alternative recommendation regarding defendant Boaz is moot.

## IV. Conclusion

For the reasons as discussed herein, the Court finds Plaintiff has failed to properly exhaust his administrative remedies regarding all of his remaining claims against all remaining Defendants, prior to filing suit. Therefore, the Court **ADOPTS** the R&R (Doc. 65) in its entirety and **GRANTS** Defendants' Motion to Dismiss (Doc. 41). As such, Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**. The case file shall be closed.

**IT IS SO ORDERED.**

Signed this 12th day of February, 2010

/s/  *David R Herndon*

**Chief Judge**
**United States District Court**